IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK JOSEPH CHAREST, #182 262, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:18-CV-511-MHT |
| | ) | [WO] |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Hamilton Aged & Infirm Facility in Hamilton, Alabama, filed this 42 U.S.C. § 1983 complaint on May 18, 2018. He seeks to challenge an alleged retaliatory transfer from the Fountain Correctional Facility and violations of Title II of the Americans with Disabilities Act and the Rehabilitation Act of 1973 which occurred at that facility. The Fountain Correctional Facility is in Atmore, Alabama, which is within the jurisdiction of the United States District Court for the Southern District of Alabama.  Upon review of the factual allegations in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404.[1]

**I.  DISCUSSION**

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought … in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … or (3) if there is no district in which an action may

---

[1] Plaintiff's complaint is accompanied by a request for leave to proceed *in forma pauperis*. Doc. 2. Review of Plaintiff's request for *IFP* status, and the assessment and collection of any filing fee, however, should be undertaken by the United States District Court for the Southern District of Alabama.

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought ... ." 28 U.S.C. § 1404(a).

The actions about which Plaintiff primarily complains occurred at the Fountain Correctional Facility in Atmore, Alabama, which is within the jurisdiction of the United States District Court for the Southern District of Alabama.  Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are in the Southern District of Alabama. Defendant Jefferson Dunn resides in the Middle District of Alabama, but as Commissioner of the Alabama Department of Corrections he is subject to service of process throughout the state.  While Plaintiff also names a few defendants located in the United States District Court for the Northern District of Alabama, based on the primary challenges asserted in the complaint, the court finds that review of the claims against these defendants is most appropriately undertaken by the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.[2]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404.

---

[2] In so ruling, the court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

It is further

ORDERED that **on or before June 22, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 8th day of June, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge